JOHN T. HALL et al. *vs.* THE COUNTY COMMIS-
SIONERS OF ANNE ARUNDEL COUNTY et al.

*Road Law of Anne Arundel County—Certificates of Indebtedness for
Work Not Done Under Contract—Powers of County Commission-
ers—Injunction—Interest on Certificates.*

The Act of 1898, ch. 531, re-enacted with amendments the local law re-
lating to public roads in Anne Arundel County and provided for the
appointment of three persons as a Board of Road Commissioners in
each election district, the chairmen of all of the District Boards to con-
stitute the Board of County Road Commissioners. When proposed
work upon the roads shall be approved by the County Commissioners,
the Board of County Road Commissioners is required to let the same
by contract to the lowest bidder after advertisement, the work to be
done under the supervision of the District Road Commissioners. The
Act also provides that if the County Road Commissioners shall fail for
any good cause to make a contract for the work on any road they shall
employ persons to do the work on such terms as they shall think best.
Provision is also made for the levy of a road tax not to exceed a cer-
tain amount in each district as well as for the levy of a general road
tax for emergency repairs, and the County Commissioners are required
to levy and pay for all road expenses incurred under the Act. The
County Road Commissioners employed persons to do work on certain
roads by day labor and not by the letting of a contract for the work,
and the County Commissioners issued certificates of indebtedness in
payment thereof, to be levied for subsequently. The plaintiffs in this
cause, taxpayers of the county, filed a bill alleging that the County
Commissioners had issued said certificates for work on the public roads
in violation of the said Act and asked that the Commissioners be re-
strained from paying the same or making any levy therefor. The bill
made no charges of fraud, or that the work done was not necessary,
or that the charges therefor were excessive. *Held,*

1st. That under the Act of 1898, the County Commissioners retain their
former power as to the determination of the work to be done on the
county roads and as to the levy to be made therefor, the subordinate
agencies being required to supply them with information as to what
may be needed and the cost thereof and to supervise the work when
ordered by the County Commissioners.

2nd. That although the work for which the certificates in this case were
issued was not let by contract after advertisement to the lowest bidder,
yet the statute authorizes work to be done on the roads without such
contract, and under the General Laws, the County Commissioners are

required to keep the public roads in repair and to levy taxes therefor, and that consequently the said certificates were lawfully issued and the plaintiffs are not entitled to have the payment thereof enjoined.

3rd. That there is no warrant in the law for making interest from the date of issue payable upon such certificates.

Appeal from a decree of the Circuit Court for Anne Arundel County, (JONES, C. J.), dismissing the bill of complaint. The form of the certificates referred to in the opinion of the Court is as follows :

<div style="margin-left:2em">

By order of the Board, this Certificate draws interest from the date of its issue.—CLK.

No. ............

Office of
County Commissioners of Anne Arundel County.
                    Annapolis,................................................................

This is to certify, That................................................................
has the sum of................................................dollars standing to
his credit on the books of this office, on account of roads,
D. 8, to be levied for in the levy of 1901.

$ ......................

................................................................,

................................................................,
                    County Commissioners.

Attest :

................................................................,
                    Clerk.
</div>

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*Edward Hall, Jr.,* (with whom was *Thos. Ireland Elliott* on the brief), for the appellants.

*E. C. Gantt,* for the appellees.

PEARCE, J., delivered the opinion of the Court.

The appellants, being taxpayers upon real estate owned by them in the eighth election district of Anne Arundel County,

filed this bill in equity against the County Commissioners and the County Treasurer of said county charging that said County Commissioners had issued county paper called " certificates of indebtedness," aggregating over $4,000, for work done upon public roads in said district during the fiscal year beginning July 1st, 1900, and to be levied for in the county levy of 1901 ; that this work was done, not only without authority of law, but in violation of express provisions of ch. 531 of the Act of 1898 governing the construction, improvement and repair of public roads in the county ; that a large part of these certificates had been transferred by the original holders to persons unknown to the plaintiffs, and that said certificates could not be legally paid by said County Commissioners or Treasurer ; the bill prayed that the defendants be restrained from paying the certificates so issued, from issuing any other certificates for such unauthorized work, and from making any levy therefor.

A preliminary injunction was granted, and subsequently the Annapolis Savings Institution, The Farmers' Nat. Bank of Annapolis, and George Forbes intervened by petition alleging that they were holders of these certificates in large amounts and praying to be made parties defendants for the protection of their rights.

They were made parties and answered the bill, stating the amount of certificates held by each, alleging that they were purchased in good faith and for valuable consideration from the parties to whom they were issued, and that it would be unjust and unconscionable to restrain the payment thereof under these circumstances.

The County Commissioners answered, admitting the issuing of certificates for work done upon the roads of the Eighth District and to be levied for in the levy of 1901. They admitted also that the work for which said certificates were issued was not done under such contracts as are provided for in the Act of 1898 referred to in the plaintiff's bill, but alleged that it was lawfully done by the authority of the County Road Commissioners under section 203G of said Act, and that they had

no authority to control the action of the County Road Com-
missioners in employing persons to repair the roads under that
section in the event of their making no contract for such work,
but were bound to provide for the payment thereof, at a reas-
onable cost, and that having approved the cost and having
issued the certificates, they were bound to provide by levy for
their payment.

The County Treasurer answered that he had no control
over the levy to be made nor any discretion as to paying said
certificates, which he was expressly required by law to receive
in payment of taxes, or to pay upon the order of the County
Commissioners.

There is no replication in the record, nor any docket entry
showing that one was filed, but the opinion of the Court states
there was a general replication, and we shall assume this to be
correct and that all the averments of the answers were thus
put in issue.    Testimony was taken and the material aver-
ments of fact in the bill were substantially established.    The
intervening defendants were represented by counsel at the tak-
ing of the testimony, but confined their examination to the
proceedings of the Road Commissioners, and did not produce
the certificates held by them, nor offer any evidence of their
transfer to them.    Not having shown any interest in the sub-
ject-matter of this proceeding, we are not required to consider
their connection therewith.

Whether the bill can be sustained against the other defend-
ants depends upon the construction to be given to the Act of
1898, ch. 531, which repealed and re-enacted with amendments
all the provisions of the Local Law of Anne Arundel County
relating to roads.    Prior to the Act of 1892, ch. 645, the
County Commissioners were the only organization exercising
any authority over the roads of the county, but that Act
created certain subordinate agencies called trustees of public
roads, who were appointed by the County Commissioners, and
who were to supervise and direct the work on roads in their
respective districts.    Under this Act the County Commission-
ers were authorized either to let out the roads by contract, or
to have the work done by persons employed by them.

Ch. 464, of 1896, pursuing the same general plan, provided for one road commissioner in each election district, and that all the district road commissioners acting together should constitute a board of county road commissioners.

The Act of 1898, ch. 531, elaborated this system, going minutely into detail in prescribing the qualifications of the three persons who now constitute the Board of Road Commissioners for each election district, the classification of the county roads, and the powers and duties of the Boards of District Road Commissioners, and the Board of County Road Commissioners which is composed of the chairmen of the several District Boards. It is not necessary here to go into all this detail. It will be sufficient for the proper disposition of this appeal to state in general terms the scheme and purposes of the Act as made apparent by a careful reading and analysis.

The chief purposes of the Act were two; first to provide a plan for systematic and permanent improvement of the public roads, and second to secure economy by substituting as far as possible the contract system for that of day labor. With these purposes in view it provided that there should be three Road Commissioners in each election district, one from each of the two larger political parties as indicated by the last preceding election, to be appointed by the County Commissioners, and one to be chosen by the two thus appointed; all to be selected with special reference to their fitness and skill in managing the public roads. These District Road Commissioners are required to divide their election districts into not less than ten road districts to be designated upon a suitable map to be prepared or adopted by them; to classify all public roads either as "County High Roads"—"First-Class Roads"—or "Second-Class Roads," and to locate the same upon said map distinguishing the class by color or some other distinctive method, and to file a copy of this map in the office of the County Commissioners for their use and for public inspection. The chairmen of the District Boards are constituted a Board of County Road Commissioners. The District Road Commissioners are required at stated times to investi-

gate and report to the County Road Commissioners the re-
pairs and improvements needed in their respective districts to-
gether with an estimate of the cost of the same.   Such work
as is recommended by the County Road Commissioners upon
the report of the District Road Commissioners, is submitted
to the County Commissioners, and if approved by them, the
work so recommended and approved is required to be given
out by the Board of County Road Commissioners by contract
and after advertisement, to the lowest responsible bidder, who
must give bond for faithful performance in double the amount
of the contract, and all such contracts and bonds are required
to be delivered to the County Commissioners.   All contract-
ors and employees are put under the supervision and control
of the District Road Commissioners.   Provision is made for
permanent improvement of any section of road upon the peti-
tion of one-third of the land-holders fronting on that section,
with the approval of the County Commissioners, provided the
cost thereof shall not exceed in any one year one-half of the
road tax in the district for the preceding year, and provided
all the estimated contracts awarded in one year by the County
Road Commissioners shall not exceed the road tax assessed
by the County Commissioners for the preceding year.

From this summary of the chief features of the Act, it will
be seen that the District Road Commissioners originate and
report to the County Road Commissioners all plans and esti-
mates for work upon the roads, that the latter report the same,
with such recommendations of their own as they think proper,
to the County Commissioners who approve, reject, or modify
the same in their discretion, and that all work so finally ap-
proved by the County Commissioners is directed to be let out
by contract.

It was forseen, however, that it might not always be prac-
ticable to contract for such work, and accordingly by sec.
203G. of the Act, it was provided that if the County Road
Commissioners should fail for any good cause to make a con-
tract for any district, section, or road, it should be their duty
to employ suitable persons to perform such work as they

should deem necessary, and on such terms as they should think best for the interests of the county, and the answer of the County Commissioners alleges, and the proof is, that the certificates in question were issued for work done under this section.

By sec. 201 of the Act of 1898 the County Commissioners are required to keep a separate account of all road expenses and to provide for the same by levying a suitable tax in each election district, not less than ten cents in the $100, and not more than one per cent of the total assessment of the district. By sec. 202 they are authorized to provide for emergency repairs, and to levy a general road tax for that purpose, in addition to the district road tax, not to exceed $7,000 per year, and all such work is directed to be done by contract as in other cases.

All these provisions clearly indicate that the County Commissioners retain all their former power and authority not only as to the ultimate determination of the work to be done, but as to the levy to be made therefor, the subordinate agencies being required to supply them with accurate information as to what is needed and the probable cost thereof, and to supervise the work when approved and ordered by the County Commissioners according to their discretion.

In the case before us no contract was made such as is provided for by the Act of 1898, but the work for which the certificates were issued was done by the day by persons employed by the County Road Commissioners under sec. 203G.; and under sec. 201, the County Commissioners are required to levy and pay for all road expenses incurred under that Act. They have determined that the cost of this particular work is reasonable, and have issued their certificates therefor, and we are now asked to restrain them from levying for their payment, in other words to direct and control them in a matter committed to their judgment and discretion. There is on fraud charged against them, nor indeed against anyone. It is not charged that the work done was not such as was necessary and proper, that it was not well and faithfully performed,

or that the charges were either excessive or unreasonable. The only charge is that the contracts of hiring under which the work was done, and for which the certificates were issued, are not such contracts as the law contemplates, and that for this reason they cannot be legally paid or levied for.    But to this there are two sufficient answers.    First, that sec. 203G provides for a situation where no contract in strict conformity with law has been made ; and, second, that under sec. 1 of the Code of Public General Laws, the County Commissioners in each county have charge of and control over the public roads, and by sec. 7 they are required to levy all needful taxes on the assessable property within the county, and these sections are not repealed nor made inoperative in Anne Arundel County by anything contained in the Act under consideration.    If, therefore, sec. 203G were not contained in said Act—or if it could be held applicable in this case, only upon proof showing a good cause for failure to contract in the manner prescribed by the law, the duty to put and keep the road in repair and to provide for payment of the work done would be imperative under the provisions of the Public General Law above mentioned.    Since the decision in *Duckett's case,* 20 Md. 468, the liability of a county for special damages resulting from non-repair of the county roads has been established, and their power and authority to put and keep the roads in repair has been adjudged to be duty and obligation.    If therefore it could be held that by reason of failure to contract in the manner prescribed (even without good cause) for work done, or proper to be done, on the roads, the County Commissioners could be restrained from levying or paying for the same, the county would not thereby be relieved from liability for injuries resulting from neglect of the roads, and the burdens of the taxpayers would thus be increased rather than diminished. All laws should be faithfully executed by those charged therewith, and wherever it is possible, the contracts contemplated by this Act should be made and carried out, but we are compelled to say that the testimony in this case shows that the Boards of District and County Road Commissioners have been

neglectful of their duties in many respects, and apparently in their efforts to procure such contracts as it was their duty to seek ; but the remedy for this wrong is not to be sought in an injunction to restrain the County Commissioners from paying for needed work actually done, but in some direct proceeding against the officials in default for dereliction in duty.

Inasmuch as the proceedings disclose that these certificates are made payable with interest from the date of their issue, the careful Judge of the Circuit Court very properly noticed this fact, and declared that he could find no warrant or sanction for the issue of interest-bearing certificates by the Commissioners, and that in his opinion the payment of interest will be an unauthorized payment, and we think it proper to say we concur in this view.

> *Decree affirmed with costs to the appellees above and below.*